UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THE UNIVERSITY SCHOOL OF
MILWAUKEE CORPORATION,

    Plaintiff,

    v.                                            Case No.2:11-cv-1157

THE UNIVERSAL COMPANIES, and RONN
JOHNSON,

    Defendants.

## COMPLAINT

The Plaintiff, The University School of Milwaukee Corporation ("USM"), by its attorneys Quarles & Brady LLP, for its Complaint against the Defendants seeks injunctive and monetary relief based on trademark infringement and unfair competition. USM hereby states as follows:

### NATURE OF THIS ACTION

1. This action seeks preliminary and permanent injunctive and monetary relief based on Plaintiff's common law rights in the USM and UNIVERSITY SCHOOL OF MILWAUKEE trademarks in connection with educational services.

### THE PARTIES

2. Since June 30, 1964, Plaintiff USM has been a Wisconsin non-stock corporation, with its principal office located at 2100 West Fairy Chasm Road, Milwaukee, WI 53217. USM is a prekindergarten through 12th grade independent college-preparatory day school that is nationally recognized as one of the top independent schools in the country.

1

3. Defendant The Universal Companies is a Pennsylvania non-profit (non-stock) entity. Its principal place of business is located at 800 S. 15th Street, Philadelphia, PA 19146.

4. Defendant Ronn Johnson is a Wisconsin resident who resides at 8581 N 63rd Street, Milwaukee, WI 53223.

5. Defendant Ron Johnson works for Defendant Universal Companies and maintains a business address for Universal Companies at 8581 N. 63rd Street, Brown Deer, WI 53223.

## JURISDICTION & VENUE

6. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338, with reference to 15 U.S.C. § 1125.

7. This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367(a).

8. This Court has personal jurisdiction over Defendants under 28 U.S.C. § 1400 and Wis. Stat. § 801.05.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## RELEVANT FACTS

**I.  Plaintiff's History and Trademarks**

10. In 1963, the Milwaukee University School, the Milwaukee Country Day School, and the Milwaukee Downer Seminary merged and opened as University School of Milwaukee, also known as USM, for the 1964-1965 school year.

11. USM is a prekindergarten through 12th grade independent college-preparatory day school.

12. Today, USM is nationally recognized for its academic achievements, including in its ACT exam performance, number of students who are National Merit Semifinalists, and in the percentage of students sitting for Advanced Placement (AP) exams.

13. In the past five years, USM has consistently produced some of the highest numbers of students in the area recognized in the top categories of AP scholarship.

14. Since the mid-1960s, USM has continuously and extensively used the UNIVERSITY SCHOOL OF MILWAUKEE and USM trademarks in connection with its educational services offered in the Milwaukee area.

15. Since long before the acts complained of herein, USM has made significant expenditures to advertise and promote its educational services under the UNIVERSITY SCHOOL OF MILWAUKEE and USM trademarks.

16. USM has used the UNIVERSITY SCHOOL OF MILWAUKEE and USM trademarks consistently in its marketing, corporate documents, and other contacts with the relevant consuming public. Attached as **Exhibit A** to this Complaint is a true and correct copy of USM's website, showing examples of its trademark use.

17. Both the UNIVERSITY SCHOOL OF MILWAUKEE and USM trademarks have come to represent and symbolize the enviable reputation and valuable goodwill associated with USM's educational services throughout southeastern Wisconsin.

II. **Defendants' Willful and Unauthorized Use of Plaintiff's Trademarks.**

18. Universal Companies describes itself as a "community development and community management corporation."

19. Among other things, Universal Companies operates charter schools.

20. Defendant Johnson is on the Board of Trustees for the Plaintiff, USM.

21. Defendant Johnson is the Executive Vice President of Education for the Mid-West Region for Defendant Universal Companies.

22. Given Defendant Johnson's position on the Board of Trustees for USM, Mr. Johnson has first-hand experience with the UNIVERSITY SCHOOL OF MILWAUKEE and USM trademarks, as well as the goodwill and reputation associated with those marks in the greater Milwaukee area.

23. Given Mr. Johnson's position with Defendant Universal Companies as Executive VP of Education for the Mid-West Region, as well as Universal Companies' desire to operate a charter school in the Milwaukee community, Defendant Universal Companies is or should be aware of the UNIVERSITY SCHOOL OF MILWAUKEE and USM trademarks, as well as the goodwill and reputation associated with those marks in the greater Milwaukee area.

24. Defendants are moving forward with plans to operate a charter school in Milwaukee called the Universal School of Milwaukee.

25. Defendants are making repeated and widespread use of the initials USM in reference to their yet-to-open Milwaukee charter school.

26. Attached to this Complaint as **Exhibit B** is a true and correct copy of the website http://www.universalschoolmilwaukee.org/.

27. Attached to this Complaint as **Exhibit C** is the WhoIs registration information for the domain name http://www.universalschoolmilwaukee.org/, which identifies Defendant Universal Companies as the Registrant Organization for the domain name.

28. Defendants operate at least six charter schools, all of which use the term charter in the school name, such as Universal Audenried Charter High School, Universal Bluford Charter

4

School, Universal Creighton Charter School, Universal Daroff Charter School, Universal Institute Charter School, and Universal Vare Charter Middle School.

29. The Milwaukee school is the only charter school operated by Universal that does not use the term "charter" in the name of the school.

30. Instead of continuing the pattern of using the term "charter" in the name of the school, the Defendants' purposefully attempt to trade off the goodwill and reputation of Plaintiff by naming the school Universal School of Milwaukee and making repeated use of the USM mark.

31. Defendants' intentionally used a name that is nearly identical to the UNIVERSITY SCHOOL OF MILWAUKEE trademark and have intentionally used the USM mark to attract the attention of those familiar with Plaintiff's reputation.

32. Attached as **Exhibit D** is an advertisement Defendants' have placed on a bus in the Milwaukee community.

33. Advertisements of the sort shown in Exhibit D are viewed over a short period of time as the bus drives around the community, which increases the changes that the viewers will confuse the use of the "Universal School of Milwaukee" with the UNIVERSITY SCHOOL OF MILWAUKEE trademark and confuse the use of the Defendants' use of USM with the Plaintiff's USM trademark.

34. Additionally, the identical nature of the USM trademark with the Defendants' unauthorized use of USM gives the relevant consuming public the false impression that those speaking about the Defendants' USM are instead speaking about Plaintiff.

5

35. Defendants market the Milwaukee charter school using sentences such as "USM's smaller classes feature programs geared toward the gifted and talented, fine arts and college preparation to name a few."

36. Given that both the Plaintiff and Defendants identify their schools as USM, it is nearly impossible for the relevant public to differentiate statements, positive or negative, about the schools.

**Count One**
**TRADEMARK INFRINGEMENT OF USM MARK**
**IN VIOLATION OF THE LANHAM ACT § 43(a) (15 U.S.C. § 1125(a))**

37. Plaintiff realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 36.

38. Defendants have used Plaintiff's USM trademark to generate attention to trade off the goodwill associated with the USM mark.

39. Defendants have used Plaintiff's USM trademark to falsely attract customer interest in an effort to increase attention for its new school.

40. Defendants are not authorized to use Plaintiff's USM trademark.

41. Defendants' unauthorized use of Plaintiff's USM trademark is likely to cause confusion, mistake or deception in the market with respect to statements made using the USM trademark.

42. Defendants' use of the USM trademark is likely to cause confusion or mistake or to deceive customers into falsely believing that Defendants' marketing, press mentions, and advertised services come from Plaintiff or that Plaintiff has approved of or sponsored a charter school, all in violation of the Lanham Act § 43(a) (15 U.S.C. § 1125).

6

43. Defendants have firsthand prior knowledge of Plaintiff, Plaintiff's reputation in the community, and Plaintiff's USM trademark.

44. Defendants' unauthorized use of Plaintiff's USM trademark was and continues to be done intentionally, willfully, and with a reckless disregarding for Plaintiff's rights.

45. Defendants' actions have unjustly damaged Plaintiff's USM trademark, business reputation and the goodwill associated with Plaintiff's trademark.

46. Defendants' actions are causing irreparable injury to Plaintiff for which there is no adequate remedy at law.

47. Defendants' actions constitute willful trademark infringement entitling Plaintiff to the remedies set forth in 15 U.S.C. § 1117 and 15 U.S.C. § 1118.

**Count Two**
**TRADEMARK INFRINGEMENT OF UNIVERSITY SCHOOL OF MILWAUKEE MARK IN VIOLATION OF THE LANHAM ACT § 43(a) (15 U.S.C. § 1125(a))**

48. Plaintiff realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 47.

49. Defendants' use of the name Universal School of Milwaukee is confusingly similar to Plaintiff's UNIVERSITY SCHOOL OF MILWAUKEE.

50. Defendants' use of the name Universal School of Milwaukee trades off the goodwill associated with the Plaintiff's UNIVERSITY SCHOOL OF MILWAUKEE mark.

51. Defendants have used the name Universal School of Milwaukee to falsely attract customer interest in an effort to increase attention for its new school.

52. Defendants are not authorized to use Plaintiff's UNIVERSITY SCHOOL OF MILWAUKEE trademark or any mark confusingly similar to it.

7

Case 2:13-cv-00507-RTR   Filed 05/07/13   Page 7 of 11   Document 1

53. Defendants' use of the Universal School of Milwaukee is likely to cause confusion, mistake or deception in the market.

54. Defendants' use of the Universal School of Milwaukee is likely to cause confusion or mistake or to deceive customers into falsely believing that Defendants' marketing, press mentions, and advertised services come from Plaintiff or that Plaintiff has approved of or sponsored a charter school, all in violation of the Lanham Act § 43(a) (15 U.S.C. § 1125).

55. Defendants have first hand prior knowledge of Plaintiff, Plaintiff's reputation in the community, and Plaintiff's UNIVERSITY SCHOOL OF MILWAUKEE trademark.

56. Defendants' unauthorized use of Plaintiff's UNIVERSITY SCHOOL OF MILWAUKEE trademark was and continues to be done intentionally, willfully, and with a reckless disregard for Plaintiff's rights.

57. Defendants' actions have unjustly damaged Plaintiff's UNIVERSITY SCHOOL OF MILWAUKEE trademark, business reputation and the goodwill associated with Plaintiff's trademark.

58. Defendants' actions are causing irreparable injury to Plaintiff for which there is no adequate remedy at law.

59. Defendants' actions constitute willful trademark infringement entitling Plaintiff to the remedies set forth in 15 U.S.C. § 1117 and 15 U.S.C. § 1118.

### Count Three
### COMMON LAW TRADEMARK INFRINGEMENT

60. Plaintiff realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 59.

8

Case 2:13-cv-00507-RTR   Filed 05/07/13   Page 8 of 11   Document 1

61. Defendants' unauthorized use of the USM trademark in promotion of its educational services in the Milwaukee area constitutes trademark infringement in violation of Wisconsin's common law.

62. Defendants' use of the name Universal School of Milwaukee is confusingly similar to Plaintiff's UNIVERSITY SCHOOL OF MILWAUKEE and its use in connection with Defendants' educational services in the Milwaukee area constitutes trademark infringement in violation of Wisconsin's common law.

63. Unless the Court enjoins the Defendants from using Plaintiff's USM trademark and any trademark confusingly similar to Plaintiff's UNIVERSITY SCHOOL OF MILWAUKEE trademark, Plaintiff will suffer irreparable harm for which it has no adequate remedy at law.

## Count Four
## COMMON LAW TRADEMARK INFRINGEMENT

64. Plaintiff realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 63.

65. Defendants' foregoing conduct constitutes an unfair method of competition in violation of Wisconsin's common law.

66. Unless the Court enjoins Defendants' from employing such unfair methods, Defendants will suffer irreparable harm for which it has no adequate remedy at law.

**WHEREFORE**, Plaintiff The University School of Milwaukee Corporation respectfully requests judgment and relief jointly and severally against The Universal Companies and Ronn Johnson as follows:

1. A preliminary and permanent injunction prohibiting Defendants' use of the USM and UNIVERSITY SCHOOL OF MILWAUKEE trademarks and any mark that is confusingly similar to either mark as provided under 15 U.S.C. §1116(a) and/or under Wisconsin's common law ;

2. An order requiring destruction of all marketing materials containing the USM trademark or the Universal School of Milwaukee name and the withdrawal from the market any advertising using the infringing marks;

3. Monetary relief, in an amount to be determined by the trier of fact for all harm Plaintiff has suffered as a result of Defendants' actions, and other actual damages or monetary relief, including without limitation monetary recovery for corrective advertising;

4. Treble damages as provided under 15 U.S.C. § 1117(a);

5. Plaintiff's actual costs and attorneys' fees as provided for under the Lanham Act, 15 U.S.C. §§ 1117, 1125(a); and

6. Such other and further relief as the court deems necessary and just.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues triable by jury.

Dated this 7th day of May, 2013.

/s/ Johanna M. Wilbert
DAVID R. CROSS
State Bar No. 1002866

JOHANNA M. WILBERT
State Bar No. 1060853

QUARLES & BRADY LLP
411 East Wisconsin Avenue
Milwaukee, WI 53202-4497
Telephone: 414-277-5000
Fax: 414-978-8942
E-mail: david.cross@quarles.com
E-mail: johanna.wilbert@quarles.com

Attorneys for Plaintiff
The University School of Milwaukee
Corporation

11